# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

MOUSE v. CENTRAL SAV. & TR. CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 1558. Decided Oct. 29, 1928.

(Houck, P. J., and Lemert, J., of the 5th Dist., sitting.)

First Publication of This Opinion.

Syllabus by Editorial Staff.

**BANKS AND BANKING.**

(70 D3d) Bank, which wrongfully refuses payment of check, not liable in damages for arrest of drawer, procured by drawee or other person, without knowledge of bank, on wrongful charge of drawing or uttering check with intent to defraud.

Depositor in bank, whose check has been wrongfully refused payment, where malice is absent, cannot recover more than nominal damages unless he both allege and prove special damages.

Carl M. Myers, Akron, for Mouse.

Beery, Sheppard, Meisner & Pool, Akron, for Cent. Sav. & Tr. Co.

HISTORY:—Action in Common Pleas by Mouse against Savings & Trust Co., to recover damages to reputation by reason of nonpayment of check. Directed verdict for defendant. Plaintiff prosecutes error. Judgment affirmed. No action in Supreme Court prior to date of this publication.

### STATEMENT OF FACTS.

This action was originally brought in the Court of Common Pleas of Summit county for the recovery of damages to the reputation of the depositor by reason of nonpayment, by the defendant in error bank, of two checks in the respective amounts of $5 and $10, drawn on the bank.

The record shows that when the depositor opened his account he signed his name on the depositor's card in such form that the bank read it as "G. C. Meuse" and opened the account in this name—giving the depositor a pass book with the name "G. C. Meuse" plainly written therein. A few days later the depositor made a second deposit to the credit of his account.

After making this deposit, the depositor drew two checks in the amounts of $5 and $10, signing his name as "G. C. Mouse," the checks being to the order of his wife, who endorsed both checks in blank and delivered them to one Elias Cory in exchange for money in the amount of the checks. Elias Cory, who was a depositor at the bank, deposited the checks to the credit of his account in the bank. The books of the bank showing no account in the name of G. C. Mouse, the bank sent notice of dishonor of the checks to Elias Cory.

Elias Cory, several days after receiving notice of dishonor, and after making search for the depositor and after consulting his own attorney, signed and swore to an affidavit, on which a warrant was issued in the Municipal Court of Akron, Ohio, for the arrest of the depositor; and in pursuance thereof, he was arrested and brought to the city prison. The record fails to show the precise or exact charge filed against the depositor.

There is no evidence in the record to show that the bank was instrumental in causing the arrest of the depositor or that the arrest was made with its knowledge. During the trial of the case there was no evidence introduced by the depositor showing damages incurred by him other than the evidence of his arrest.

LEMERT, J.

We believe the law to be well settled that a bank which wrongfully refuses payment of a check is not liable in damages for the arrest of the drawer, procured by the drawee or some other person without the knowledge of the bank on a wrongful charge of drawing or uttering the check with intent to defraud—such arrest not being a proximate result of the nonpayment of the check.

Sec. 10132 of the General Code provides that no bank shall be liable to a depositor because of the nonpayment, through mistake or error and without malice, of a check which should have been paid, unless the depositor shall allege and prove actual damages by reason of such nonpayment; and in such event the liability shall not exceed the amount of damages so proved.

So, by reason of this statute, it is incumbent upon the depositor to show an adequate account, proper presentation of the check, the refusal of the bank to honor it, and that such refusal arose not by mistake or error and that there was malice on the part of the bank. The depositor in his petition alleges all of the facts necessary to bring the case within the purview of this statute except the allegation of malice, which allegation, however, he makes in his reply.

The evidence in this case clearly shows that the failure of the bank to pay the two checks of the depositor arose by reason of an error, which error was the opening of the depositor's account under the name of G. C. Meuse, instead of G. C. Mouse.

The language of G. C. Sec. 10132 is so clear and explicit that it leaves no room for judicial interpretation. Under the ordinary and usual meaning of the words used, it is plain that a depositor in a bank, whose check has been wrongfully refused payment, where malice is absent, cannot recover more than nominal damages, unless he both allege and prove special damages.

We therefore find and hold that the motion to direct a verdict in this case was properly sustained. Therefore the judgment of the court below will be affirmed.

(Houck, P. J., and Sullivan, J., concur.)